16 F.3d 1221
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Floyd J. SPRUYTTE, Jr., Plaintiff-Appellant,
v.
Terri FEIGHNER; Michael Kosequat, Defendants-Appellees.
 No. 93-2009.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1994.
 
 Before: JONES, NORRIS, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Floyd J. Spruytte, Jr., a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Spruytte sued two state correctional officials contending that they violated his First Amendment rights by refusing to deliver an unsigned greeting card that was sent by his parents for his personal use. The defendants were sued in their individual and official capacities.
 
 
 3
 The case was referred to a magistrate judge who recommended that summary judgment be granted for the defendants because they were entitled to qualified immunity. He also recommended that Spruytte's request for injunctive relief be denied as moot. Upon de novo review, the district court adopted the magistrate judge's report and dismissed the complaint.
 
 
 4
 In his timely appeal, Spruytte argues that the district court erred by focusing on the rule the defendants relied on for rejecting the card and by denying his request for injunctive relief as moot.
 
 
 5
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a party has moved for summary judgment and has met its burden of production, the non-moving party must present significant probative evidence establishing a genuine issue of material fact in order to defeat the motion. Id. at 324; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986).
 
 
 6
 Upon review, we conclude that defendants are entitled to judgment as a matter of law. Prisoners have a First Amendment right to receive incoming mail. Thornburgh v. Abbott, 490 U.S. 401, 408 (1989). However, prisoners' constitutional rights may be restricted by a prison regulation as long as the regulation is reasonably related to a legitimate penological interest. See Turner v. Safley, 482 U.S. 78, 84-91 (1987). Prison officials have a legitimate interest in ensuring that prisoners are not sent contraband through the mail. Therefore, prison regulations which require inmates to purchase goods only from authorized vendors have been upheld as valid by this court. Ward v. Washtenaw County Sheriff's Dep't, 881 F.2d 325, 329-30 (6th Cir.1989). Michigan Department of Corrections Policy Directive PD-BCF-63.03 requires prisoners to purchase items only from authorized vendors. Spruytte's parents, who are not authorized vendors, sent him the greeting card in the mail. The defendants' refusal to allow Spruytte to receive the card did not infringe upon Spruytte's constitutional rights.
 
 
 7
 Finally, in order to obtain injunctive relief, there must be a continuous constitutional violation. See Green v. Mansour, 474 U.S. 64, 71 (1985). There was no continuing constitutional violation in this case. Thus, Spruytte was not entitled to injunctive relief.
 
 
 8
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.